UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JEFFREY SCOTT CLAYBORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:17-cv-00025 |
| | ) CHIEF JUDGE CRENSHAW |
| FENTRESS COUNTY SHERIFF'S | ) |
| DEPARTMENT et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Jeffrey Scott Clayborn, is proceeding *pro se.* He is an inmate at the Trousdale Turner Correctional Center in Hartsville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Fentress County Sheriff's Department; five members of the Fentress County Sheriff's Department (Detective Nicholas Hamby, Corrections Officer Chris Martin, and Deputies Josh Densmore, Thomas Reagan and T.J. Miller); and two members of the Jamestown, Tennessee Police Department (Officers Rockford Garrett and Lance Stephens); seeking damages.

On April 28, 2016, a police officer attempted to pull over the Plaintiff and his passenger, Stephanie Pigue. Apparently, they were driving a truck that had been reported stolen (Doc. No. 1 at 28). The Plaintiff, however, refused to pull over and sped off (*Id.* at 5). The officer gave chase and called for assistance.

Several officers joined in the chase. Eventually, they were able to render Plaintiff's vehicle "inoperable" (*Id.*). Plaintiff and his passenger exited the vehicle and fled the scene on foot (*Id.*). Within seconds, though, Detective Hamby, with the assistance of Corrections Officer Martin, was

1

able to chase the Plaintiff down and bring him to the ground. Force was used to apprehend the Plaintiff (*Id.* at 5 and 8). Detective Hamby allegedly pistol whipped the Plaintiff into submission (*Id.*), even though the Plaintiff claims that he was offering no resistance (*Id.* at 8-9).

The Plaintiff was placed in handcuffs and taken to a police cruiser (*Id.* at 9). Despite Plaintiff's numerous and obvious injuries, Sheriff Cravens, who has not been named as a defendant, ordered Officer Garrett to transport him to the Fentress County Justice Center for booking, rather than to a hospital for medical care (*Id.* at 10). Officer Garrett complied with these instructions. However, prior to being booked, the Plaintiff was taken to the Jamestown Regional Medical Center for treatment (*Id.* at 11). Upon his return to the Justice Center, the Plaintiff was charged with possession of stolen property, destruction of private property, felonious evading arrest and four traffic offenses (*Id.* at 24).

The Plaintiff now claims that excessive force was used to arrest him in violation of his constitutional rights. He further claims that the defendants denied him medical care by failing to take him directly to a hospital (*Id.* at 9).

To establish a claim for § 1983 relief, the Plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The Plaintiff has named the Fentress County Sheriff's Department as a defendant. A county sheriff's department, however, is not a person that can be sued under 42 U.S.C. § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007), *see also* Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, the Plaintiff has failed to state an actionable claim against this defendant.

This action is being brought against the remaining defendants in their official capacities only (Doc. No. 1 at 2 and 7). The Plaintiff seeks damages not from the individually named defendants but from the defendants as agents in their official capacity. Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993). "An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the Plaintiff's claims are against Fentress County, the municipal entity responsible for the Fentress County Sheriff's Department, and the City of Jamestown, the municipal entity responsible for the Jamestown Police Department. Hafer v. Melo, 502 U.S. 21, 25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Fentress County and the City of Jamestown or their agents, the Fentress County Sheriff's Department and the Jamestown Police Department. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691 (1978). In short, for these municipal entities to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385 (1989). To establish the requisite causal link, the Plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

There are no allegations in the Complaint suggesting that the Plaintiff was assaulted or denied medical care because of a policy, regulation or custom promulgated and enforced by Fentress County or the City of Jamestown. Consequently, the Plaintiff has failed to state a claim against the remaining defendants (Hamby, Martin, Densmore, Reagan, Miller, Garrett and

Stephens) acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the Complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE